### El Pueblo *v.* Marrero.

Apelación procedente de la Corte de Distrito de Guayama.

No. 464.—Resuelto en noviembre 21, 1912.

Derecho Penal—Sentencia Anterior Condenatoria—Momento Apropiado
 para Alegar.—De acuerdo con el artículo 162 del Código de Enjuiciamiento
 Criminal la defensa de existir convicción anterior por el mismo delito es una
 alegación, y el momento verdaderamente apropiado para hacerla es al contes-
 tar la acusación, pudiendo el acusado hacer dicha alegación sola o conjunta-
 mente con la de negación de la acusación.

Id.—Permiso de la Corte para Alegar la Existencia de Convicción o Absolu-
 ción Anterior.—Si el acusado al contestar la acusación no hiciere la alega-
 ción de convicción o absolución anterior por el mismo delito, podrá después
 hacer esta alegación con permiso de la corte, pero siempre en forma de ale-
 gación.

Id.—Forma de Hacer las Alegaciones—Sentencia Anterior Condenatoria o
 Absolutoria por el Mismo Delito.—En el caso de autos constituído ya el

jurado para juzgar la causa, el acusado presentó al juez una moción de sobreseimiento basada en que había sido condenado anteriormente por el mismo delito. Se resolvió que la alegación de ''convicción anterior'' no se hizo debidamente, pero que la corte tenía facultades para hacerla constar en la forma que prescribe el párrafo 3 del artículo 163 del Código de Enjuiciamiento Criminal, y someterla, como cuestión de hecho, para su resolución al jurado.

ID.—CUESTIÓN DE HECHOS QUE DEBE SOMETERSE AL JURADO—ALEGACIÓN DE CONVICCIÓN O ABSOLUCIÓN ANTERIOR.—La alegación de convicción o absolución anterior por el mismo delito, lo mismo que la de negación de la acusación, suscita una cuestión de hecho que deberá someterse al jurado en los casos que determina el artículo 178 del Código de Enjuiciamiento Criminal.

ID.—ERRORES QUE NO SON PERJUDICIALES AL ACUSADO—REVOCACIÓN DE LA SENTENCIA APELADA.—Los errores de procedimiento que pueda cometer una corte sentenciadora, si no son de tal importancia que perjudiquen los derechos sustanciales del acusado, no producen necesariamente la revocación de la sentencia apelada.

ID.—SENTENCIA CONDENATORIA DE UNA CORTE MUNICIPAL—APELACIÓN DE LA CORTE DE DISTRITO—DEFENSA DE HABER ESTADO EXPUESTO ANTERIORMENTE POR EL MISMO DELITO.—Cuando un acusado condenado por una corte municipal, por el delito de acometimiento y agresión con circunstancias agravantes, apela de dicha sentencia para ante una corte de distrito, en cuya corte se sobresee la causa a instancia del Fiscal para presentar una acusación por atentado a la vida, dicho acusado no puede alegar como defensa en la causa por atentado contra la vida, el haber sido condenado por la corte municipal por el delito de acometimiento y agresión grave, aun cuando los hechos que sirven de fundamento a ambas causas sean los mismos.

ID.—ERRORES QUE NO PERJUDICAN AL ACUSADO—ALEGACIÓN DE HABER SIDO CONDENADO ANTERIORMENTE POR EL MISMO DELITO.—Aun en el supuesto de que la corte sentenciadora en el caso de autos cometiera error al no ordenar que la defensa de haber sido condenado el acusado anteriormente por el mismo delito planteada por medio de una moción pidiendo el sobreseimiento de la causa se hiciera constar en el récord como equivalente a la alegación de existir una sentencia anterior condenatoria por el mismo delito, dicho error no perjudica los derechos sustanciales del acusado, si por lo tanto produce la revocación de la sentencia apelada, porque la sentencia condenatoria alegada por el acusado no constituye tal defensa.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Cervoni.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Guayama formuló acusación contra Higinio Marrero imputándole la comisión de un delito de atentado a la vida, cometido en la siguiente forma:

"El citado acusado Higinio Marrero, el día 3 o 4 de junio de 1911, en el barrio de Honduras de Barranquitas, que forma parte de este distrito judicial, ilegal y criminalmente y con malicia premeditada atacó con un revólver, arma mortífera, al individuo Gregorio Rivera, con intención de matarle, causando una herida de bala en un brazo."

Leída la acusación al acusado, éste alegó que era inocente y solicitó juicio por jurado. El 18 de abril de 1912 las partes anunciaron que estaban listas para juicio, se constituyó el jurado debidamente, se leyó la acusación y entonces la defensa "solicitó de la corte una orden de sobreseimiento del proceso y la absolución del acusado, basando su solicitud en que había sido condenado por la Corte Municipal de Cayey a un año de cárcel por el delito de acometimiento y agresión con circunstancias agravantes, emanado dicho delito de los mismos hechos, fecha, acto, persona y circunstancias, expresados en la presente acusación." La defensa ofreció prueba, la corte se negó a admitirla, por entender que tenía conocimiento judicial de los hechos, y declaró sin lugar la moción de sobreseimiento. El acusado tomó excepción.

El juicio continuó. Se practicaron las pruebas, sin que ninguna de ellas versara sobre la condena anterior del acusado; el juez instruyó al jurado sobre el caso en general, sin que lo hiciera sobre la convicción anterior del acusado, y el jurado declaró al acusado culpable del delito de acometimiento y agresión con circunstancias agravantes.

Leído el veredicto, el acusado reprodujo su anterior solicitud de absolución y ofreció presentar prueba para demostrar su condena anterior. La corte negó la introducción de prueba por el motivo indicado, y declaró sin lugar la solicitud, sin perjuicio de que se presentara de nuevo con citación de jurisprudencia.

En efecto, el 23 de abril se presentó de nuevo, haciéndose constar por el mismo acusado el hecho relativo a la condena anterior, de la siguiente manera: "Primero: porque el acusado ha sido declarado culpable por el jurado de un delito de acometimiento y agresión con agravantes, y por este

mismo delito nacido de los mismos hechos probados en el juicio por jurado, fué condenado por la Corte Municipal, de Cayey, con fecha de noviembre de 1911. El acusado fué condenado a un año de cárcel por dicha corte de Cayey por acometimiento y agresión grave. Apeló de la sentencia a esta corte de distrito. Cuando se vió la prueba de cargo el Fiscal pidió que se sobreseyese la causa para hacer una acusación de atentado contra la vida. Se hizo la acusación. Se celebró el juicio por jurado y el jurado volvió a declarar culpable al acusado del mismo delito porque había sido condenado a un año por la corte de Cayey. Cree el acusado que no puede ser condenado dos veces por un mismo delito.''

La corte desestimó la solicitud y el acusado entonces solicitó un nuevo juicio basándose ''en que la corte cometió error en no instruir al jurado acerca de la alegación de *jeopardi,* que el acusado formuló en su defensa antes de declararse inocente.''

Esta solicitud de nuevo juicio fué también desestimada y la corte dictó finalmente su sentencia el 29 de abril de 1912, imponiendo al acusado la pena de dos años de cárcel con trabajos forzados y las costas. Contra esta sentencia interpuso el condenado el presente recurso de apelación.

Como puede verse, la única cuestión fundamental suscitada en este caso es la de la convicción anterior, y lo primero que debemos estudiar al considerarla es si la alegación se hizo o nó en propia forma.

El artículo 162 del Código de Enjuiciamiento Criminal, dice así: ''Hay cuatro clases de alegaciones contra una acusación, a saber: (1) Confesión; (2) negación; (3) sentencia anterior condenatoria o absolutoria, por el mismo delito, que podrá alegarse con o sin la negación; (4) haber estado una vez expuesto por el mismo delito.

De acuerdo, pues, con la ley, una convicción anterior por el mismo delito constituye una alegación y el momento verdaderamente apropiado para hacerla es al contestar la acusa-

ción.   Dicha alegación puede hacerse sola o conjuntamente con la de ''negación.''

Si la alegación de convicción o absolución anterior por el mismo delito no se hiciere en el momento oportuno, podrá hacerse después con permiso de la corte, pero siempre en forma de alegación.

La forma de hacer las alegaciones y de consignarlas en el récord está claramente prescrita en el artículo 163 del Código de Enjuiciamiento Criminal.

Habiendo en consideración todo lo expuesto, se concluye que la convicción anterior invocada por el acusado en este caso, no fué alegada en propia forma por el mismo.

Pero si bien esto es así, no puede negarse que el acusado invocó su derecho y que estaba en las facultades de la corte que dirigía los procedimientos, el ordenar que la solicitud del acusado se hiciera constar en la forma que prescribe el artículo 163 antes citado, en su número 3°.

La alegación de convicción o absolución anterior por el mismo delito, lo mismo que la de negación, suscita una cuestión de hecho que deberá someterse al jurado en los casos que determina el artículo 178 del Código de Enjuiciamiento Criminal.

En el presente caso se había imputado al acusado un delito de *felony,* atentado a la vida, y el acusado había solicitado ser juzgado por un jurado, y si la alegación de convicción anterior se hubiera hecho propiamente por el acusado, o si el juez hubiera ejercitado sus facultades para hacerla constar debidamente, no hay duda alguna que debió haber sido sometida para su decisión al jurado.

Ahora bien, el hecho de que el juez sentenciador no ejercitara sus facultades y dejara de hacer constar la petición del acusado en la forma debida y de someter la cuestión a la decisión del jurado, ¿constituye un error de tal magnitud que lleve consigo la revocación de la sentencia dictada?

A nuestro juicio, si analizada la cuestión de la convicción

anterior, se llegara a la conclusión de que debía resolverse
a favor del acusado, entonces, en bien de la justicia, debería
decidirse la cuestión en la afirmativa, y en la negativa si se
llegara a la conclusión contraria.

Al adoptar este criterio, nos inspiramos en el artículo 461
del Código de Enjuiciamiento Criminal que dice así: "Ni
el hecho de separarse de la forma prescrita por este Código
para cualquier alegación o procedimiento, ni el de que éste
adolezca de algún error o equivocación bastará para invalidarlo, a menos que real y efectivamente haya perjudicado
al acusado o tienda a perjudicarle, en cuanto a algún derecho
sustancial."

La alegación del acusado consiste en que fué condenado
por una corte municipal, en que apeló de la sentencia para
ante la corte de distrito, en que la causa se sobreseyó en la
corte de distrito con objeto de que el Fiscal presentara una
acusación por atentado a la vida y en que la acusación fué
en efecto presentada y es la que sirve de base a la sentencia
dictada en este caso.

Una apelación de una sentencia dictada por una corte
municipal para ante una corte de distrito, tiene el efecto de
anular completamente la sentencia dictada y trasladar el caso
a la corte de distrito en donde se juzgará *de novo* y se resolverá por una nueva sentencia. (Art. 3 del Cód. de Enjuiciamiento Criminal enmendado en 28 de marzo, 1904; *El Pueblo
v. Sánchez,* 16 D. P. R., 719; *Gelabert* v. *Córdova,* 17 D. P. R.,
1200.)

Siendo esto así, habiéndose anulado la sentencia por
voluntad y gestión del acusado ¿podrá éste invocar dicha sentencia para que sirva de obstáculo a una nueva acusación
que se le formule en la corte de distrito por el mismo delito?

En el caso de *Comm.* v. *Downing,* 150 Mass., 197, 199,
citado por el Fiscal en su alegato, se resuelve que no puede.

Además, como con mucha razón sostiene el Fiscal en su
alegato, la abundante jurisprudencia de los tribunales re-

lativa a que un acusado pierde el derecho a alegar *former jeopardy* cuando un nuevo juicio le ha sido concedido a petición suya, puede invocarse para resolver la cuestión suscitada en el sentido de que una sentencia condenatoria de una corte municipal apelada por el mismo acusado para ante una corte de distrito, no es base suficiente para sostener una alegación de convicción anterior por el mismo delito.

Habiendo, pues, llegado a la conclusión de que la cuestión suscitada por el acusado tenía que resolverse en contra suya, el error, si lo hubo que pueda haberse cometido por la corte sentenciadora al no ordenar que se hiciera constar como una alegación y al no someter la cuestión de convicción anterior al jurado, no lesionó ningún derecho sustancial del acusado y no puede, por tanto, servir de base para la revocación de la sentencia apelada.

Resuelta así la única cuestión fundamental planteada, pues el acusado se limitó a invocar la convicción de la corte municipal y no hizo referencia en modo alguno a haber estado anteriormente expuesto por el mismo delito en la propia corte de distrito, opinamos que el recurso interpuesto debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.