El Pueblo de Púerto Rico, demandante y apelado, *v.* Andrés Torres Gómez, acusado y apelante.

No. 2405.—*Visto:* Abril 14, 1925.  *Resuelto:* Julio 8, 1925.

Derecho Penal — Apelación y Error, y Certiorari — Revisión — Moción de "Former Jeopardy".—Constituído y juramentado el jurado y después de leída la acusación se presentó moción de *former jeopardy* a manera de moción para sobreseer la acusación fundada en la absolución del cargo de asesinato debido a anterior condena por homicidio voluntario. · *Se resolvió:* que no obstante haberse tramitado el juicio como uno por asesinato en primer grado hasta el momento de la moción, el haberse ésta denegado no podía decirse que fuera error, a falta de cita de autoridades o de un razonamiento más persuasivo que la vaga sugestión de un posible prejuicio en la mente del jurado.

Sentencia de *R. Díaz Cintrón*, J. (Ponce), condenando al acusado por delito de homicidio voluntario. *Confirmada.*

*Fernando B. Fornaris* y *Cristino R. Colón*, abogados del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El acusado fué juzgado a virtud de una acusación por un delito de asesinato y declarado culpable de homicidio voluntario. En apelación fué revocada la sentencia y la causa devuelta a la corte inferior para la celebración·de un nuevo juicio, 33 D.P.R. pág. 185.

El acusado fué entonces juzgado de nuevo por la misma acusación, pero bajo instrucciones que sólo comprendían el delito de homicidio y que excluían la possibilidad de una condena por el delito mayor. El jurado otra vez declaró al acusado culpable del delito de homicidio voluntario; y ahora insiste él en que la segunda sentencia debe asimismo ser revocada por las siguientes razones:

"1. Porque la corte cometió error al denegar una moción de *former jeopardy* que con respecto al delito de asesinato presentó el acusado por medio de su abogado.

"2. La corte cometió error al permitir que el fiscal utilizase el veredicto anterior refiriéndose a él como argumentación o justificación de por qué el caso se ventilaba de nuevo.

"3. La corte cometió error al decidir sobre la moción de *former*

*jeopardy* en cuanto al delito de asesinato, la que ha debido ser sometida al jurado para su consideración.

"4. La corte cometió error en las instrucciones dadas al jurado por cuanto ellas no se compaginan con la acusación bajo la cual se celebró el juicio y ésto dió motivo a que se extraviara la mente del jurado.

"5. El veredicto del jurado es contrario a derecho y a la prueba presentada en el caso."

La llamada moción de *former jeopardy* no era en la forma de una alegación sino más bien a manera de una moción para anular o sobreseer la acusación, basada en la teoría de una absolución del cargo de asesinato debido a la anterior condena por homicidio voluntario.

Esta moción no se hizo hasta después que el jurado había sido constituido y juramentado y leída la acusación.

El fiscal se opuso al propuesto "sobreseimiento," por el fundamento de que la moción se hacía demasiado tarde, citando el caso de *El Pueblo* v. *Marrero,* 18 D.P.R. 923; *People* v. *McFarlane,* 138 Cal. 481 (61 L. R. A. 245, 71 Pac. 568); y Vol. 7, Jurisprudencia de California, p. 961, pár. 101. El fiscal, sin embargo, admitió y se adhirió a la sugestión de que lo procedente dentro de las circunstancias sería seguir con el juicio como si fuera por homicidio voluntario solamente, bajo las debidas instrucciones al jurado.

El juez entonces denegó la moción y la defensa tomó excepción "porque," como dijo el abogado, "entendemos que no existe ninguna acusación."

Es muy cierto, según indica el apelante, que hasta la fecha de esta moción el caso había sido tramitado como un juicio por asesinato en primer grado. Verdaderamente que las primeras veinte páginas o más del récord taquigráfico, podría decirse que contienen una especie de lista de jurados calificados y descalificados en un caso de pena capital, y hasta este punto podría servir de base para una exposición escueta de los distintos criterios en el distrito acerca de la pena capital.

Pero la cooperación activa del abogado del acusado en representar una costosa farsa como la indicada, no tiende a robustecer la contención que ahora se hace de-que la corte inferior incurrió en error al negar la moción para sobreseer, por mucho tiempo demorada, al llamársele finalmente la atención a la cuestión de la anterior absolución. A falta de alguna cita de autoridades que requiera seria consideración, o de algún razonamiento más persuasivo que una vaga sugestión de un posible prejuicio en la mente de los jurados, como consecuencia de estos formidables preliminares, no estamos preparados ahora para decir que el juez sentenciador incurrió en error como se alega en el primer señalamiento.

Los autos no revelan el hecho, si lo fuere, de que el fiscal se refería en el argumento al veredicto **anterior, por no** hablar de la objeción hecha a tal comentario, o de cualquier resolución sobre el mismo, o excepción tomada a tal decisión, si fué tomada.

El error imaginario sugerido en el tercer señalamiento, de cometerse, se instó y promovió por el abogado del acusado. Ni se necesita una viva imaginación para describir cuál podría haber sido la actitud del abogado en apelación si el juez sentenciador hubiera dado instrucciones al jurado acerca del delito de asesinato en primero y segundo grados como cuestiones ·(*issues*) envueltas en el caso, y le hubiera sometido la cuestión de hecho en cuanto a la anterior absolución *vel non* a falta de cualquier alegación formal o revelación de la intención de defenderse por tal fundamento o de prueba aducida a virtud de tal teoría, o de alguna solicitud para someter tal cuestión.

No hay queja alguna de las instrucciones realmente dadas, comprensivas del delito de homicidio voluntario, que en conjunto eran justas y tan favorables para el acusado como razonablemente podía esperarse. El razonamiento bajo el cuarto señalamiento es casi tan breve e ininteligible como el señalamiento mismo. En tanto lo entendemos, puede con-

testarse con lo que ya se ha dicho en relación al tercer señalamiento.

Hubo prueba tendente a demostrar la defensa propia, y algunas declaraciones que de ser creídas, como al parecer lo fueron por el jurado, bastaban para sostener un veredicto de homicidio. La negativa del juez sentenciador a conceder un nuevo juicio no se asigna como error; y no estamos dispuestos a variar la conclusión a que se llegó por dos jurados diferentes, que oyeron la prueba según se exteriorizaba por los testigos en la silla testifical.

*Debe confirmarse la sentencia apelada.*