EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
PEDRO SOTO, acusado y apelante.

No. 3630.—*Sometido:* Diciembre 3, 1929. *Resuelto:* Enero 16, 1930.

*F. Cervoni,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La acusación en este caso fué como sigue:

"El referido acusado Pedro Soto, durante los meses de abril y mayo de 1925, y en San Juan, P. R., que forma parte del Distrito Judicial del mismo nombre, y en ocasión de actuar como agente vendedor de la corporación Gillies & Woodward, siendo sus ·deberes como tal agente vendedor, entre otros, el de recibir los dineros procedentes de las distintas ventas que a nombre de la corporación Gillies & Woodward hacía, de una manera voluntaria, maliciosa y fraudulenta, se apropió en su beneficio y con perjuicio de la corporación Gillies & Woodward, ·de una cantidad de dinero no menor de tres mil dólares, y cuya cantidad había sido confiada al acusado y recibida por éste en el curso de sus ·deberes como tal agente vendedor de dicha corporación Gillies & Woodward, defraudando de esta manera de dicha cantidad a' la referida corporación Gillies & Woodward. Todo lo cual es contrario a la ley para tal caso hecha y prevista y contra la paz y dignidad de El Pueblo de Puerto Rico."

Oído el caso, el jurado rindió veredicto declarando al acusado culpable de abuso de confianza (*felony*), y la corte le condenó a sufrir tres años de presidio con trabajos forzados. De esta sentencia apela el acusado.

Se señalan cinco errores, de los que se dejan sin argumentar específicamente dos, que aparecen bajo los números 4 y 5. Este último se refiere a que la corte permitió al fiscal que preguntase a un testigo acerca de determinados extremos; como la parte apelante no argumenta, y no nos sentimos obligados a adivinar las posibles razones del señalamiento de error, no hemos de considerarlo.

Los dos primeros señalamientos dicen así:

"1. La corte cometió error al desestimar nuestra primera moción de archivo y sobreseimiento, por haber transcurrido más de cien días, digo doscientos días, desde la detención del acusado hasta la presentación de la acusación.

"2. La corte cometió error al desestimar nuestra solicitud de archivo y sobreseimiento por haber transcurrido más de 60 días desde la presentación de la acusación hasta la celebración del juicio."

Se discuten estos señalamientos conjuntamente en los alegatos de las partes.

■■ Del récord aparece que este acusado fué arrestado en 22 de abril de 1925, por orden del fiscal Sr. Massari. En ese tiempo el territorio de San Juan se hallaba dividido en dos distritos judiciales: el primer distrito correspondía al fiscal Sr. Massari; y el hecho perseguido se había realizado en territorio del segundo distrito; el fiscal Sr. Massari envió el caso al fiscal del segundo distrito Sr. Gómez; y éste archivó el caso por haber transcurrido más de 60 días de la detención, y expidió una nueva orden de arresto el 28 de agosto de 1925; no aparece que esta orden se cumplimentara nunca. En 15 de octubre de 1925 el fiscal Sr. Romaní expidió la orden de arresto contra este acusado, que fué arrestado y prestó fianza. La acusación fué presentada el 4 de noviembre de 1925. Se señaló la vista del caso para el 1 de marzo de 1926; el acusado pidió, y obtuvo, la suspensión de tal vista, para la que se señaló de nuevo, para el 13 de mayo del mismo año; y entonces el fiscal, alegando la ausencia de sus testigos más importantes, pidió la suspensión, señalándose de nuevo para el 14 de junio de 1926, y suspendiéndose la vista. En 22 de junio de 1926 el acusado radicó una moción en la que renunció a un juicio rápido dentro de los 120 días. Y en 28 de octubre el acusado pidió suspensión del juicio, que, al fin, se celebró el 30 de marzo de 1927.

En cuanto al primer error entendemos que no se ha cometido. La orden de arresto dictada por el fiscal Sr. Massari, no tenía fuerza legal, porque él no tenía jurisdicción en el distrito en que se cometió el delito. Y esa orden quedó sin efecto alguno, hasta el aparente, cuando se archivó el caso. En realidad el arresto del acusado se hizo cuando se cumplimentó la orden del fiscal Sr. Romaní, de 25 de octubre; y la acusación se presentó dentro de los 60 días siguientes a ese arresto.

■ En cuanto al término de 120 días siguientes a la acusación, para que se oiga el caso por el tribunal, encontramos en el récord la renuncia que por el acusado se hizo

a los beneficios de ese término. No vamos a ir más allá de lo que el propio acusado pudo ir. El renunció el beneficio, y no puede hoy invocarlo en favor de su apelación.

 No hay necesidad legal de que el fiscal obtenga el permiso de la corte para librar un nuevo mandamiento de arresto en un caso como el presente.

 El tercer señalamiento de error es como sigue:

"3. La corte cometió error al desestimar nuestra solicitud de archivo y sobreseimiento, por haberse negado el Fiscal a proporcionar un *bill of particulars* al acusado."

Como se ve el motivo del señalamiento no es precisamente la negativa del fiscal a suministrar el *bill of particulars,* sino la resolución de la corte denegando la solicitud de archivo y sobreseimiento.

Ante todo, no vemos en el récord que el fiscal se negara arbitrariamente a suministrar tal *bill of particulars.* El aparentemente se hallaba en la imposibilidad de haberlo, y para atribuirle una negativa infundada era necesaria alguna prueba; y si esa prueba no se ofreció y practicó, no vemos en qué podía la corte fundarse para acceder a lo que pedía el acusado. Al denegar la moción no incurrió en error.

*Por las razones expuestas procede la confirmación de la sentencia apelada.*