EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CRESCENCIO MERCADO @ PÓLVORA, acusado y apelante.

No. 5147.—*Sometido:* Enero 9, 1934. *Resuelto:* Mayo 31, 1934.

*Buenaventura Esteves,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Crescencio Mercado (*a*) Pólvora fué acusado ante la Corte Municipal de San Sebastián el 19 de marzo de 1932 del delito de hurto por haber sustraído un cuchillo, y también del delito en grado de reincidencia, toda vez que había sido convicto de otro hurto menor en 7 de diciembre de 1929. Apeló para ante la Corte de Distrito de Aguadilla de la sentencia impuéstale por la Corte Municipal de San Sebastián. Allí alegó que el delito de que se le acusaba no era menos grave

sino grave (*felony*). Solicitó el archivo y sobreseimiento de la denuncia. El fiscal de Aguadilla se avino a esta moción con la reserva de que quizá presentaría acusación por delito grave.

En 1º. de octubre de 1932 el apelante fué acusado del delito de hurto menor subsiguiente. Admitió los hechos de la acusación pero solicitó el archivo de ésta por dos motivos.

■ El primer motivo tiene doble aspecto. Bajo uno de ellos se llamó la atención de la corte inferior hacia los artículos 148 y 149 del Código de Enjuiciamiento Criminal, que leen como sigue:

"Artículo 148.—Si el tribunal dispusiere que se formule nueva acusación, y se hallare bajo custodia el acusado, deberá éste continuar preso, a no ser que se le admitiere fianza; si ya hubiere prestado fianza personal o pecuniaria para responder de su comparecencia a contestar la nueva acusación, y dentro de los quince días no se presentare ésta, deberá el tribunal disponer que se le absuelva, a no ser que por razón especial extendiera el plazo dentro del cual haya de presentarse la acusación.

"Artículo 149.—La orden desestimando una acusación, según lo dispuesto en este capítulo, no impide el que después se persiga el mismo delito."

La corte inferior emitió una opinión según la cual resolvió que en el presente caso al fiscal no se le ordenó que radicara una acusación y por ende que los artículos citados no eran aplicables, y estamos de acuerdo con este criterio.

■■ Lo que el apelante ahora sostiene principalmente es que ha habido una infracción del artículo 448 del Código de Enjuiciamiento Criminal. Uno de los puntos sostenidos por él es que como el fiscal no ordenó el arresto del acusado, fijándole fianza, toda vez que estaba privado de su libertad con motivo de la sentencia de cuarenta y cinco días impuéstale por la Corte Municipal de San Sebastián, no obstante, éste fué arrestado el mismo día en que la denuncia radicada en su contra fué sobreseída, o sea, el 16 de junio de 1932.

El acusado y apelante sostuvo ante esta corte que cuando

su última moción de archivo y sobreseimiento fué radicada en la Corte de Distrito de Aguadilla, el fiscal no demostró cómo se había arrestado al acusado; que incumbía al Pueblo demostrar cómo y por qué fué arrestado el acusado. El Pueblo, por otra parte, sostiene que al presentarse una moción de archivo y sobreseimiento, como en el presente caso, de conformidad con el artículo 448 del Código de Enjuiciamiento Criminal, es deber del peticionario probar que ha permanecido arrestado durante sesenta días sin haberse archivado una acusación en su contra.

El artículo 448 dispone:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1.—Cuando una persona haya sido detenida, para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención."

Creemos que el fiscal no tenía deber alguno de probar la fecha del arresto y que el término para empezar a contar los sesenta días es claro que no comenzaba desde la fecha en que se exoneró al acusado de la denuncia que en apelación procedía de la Corte Municipal de San Sebastián. Los autos tienden a demostrar, sin embargo, que no transcurrieron sesenta días desde el día en que se efectuó el nuevo arresto en septiembre hasta que se presentó la acusación.

█ El segundo punto suscitado por el apelante es que la Corte Municipal de San Sebastián tenía jurisdicción sobre su persona y que la acusación presentada en la Corte de Distrito de Aguadilla constituía una segunda exposición. Estamos bastante convencidos de que el delito originalmente imputado ante la Corte Municipal de San Sebastián era en realidad un *felony*. Por consiguiente, cuando el acusado apeló de esta sentencia y se archivó el caso, no existía sentencia válida alguna en su contra. Es jurisprudencia establecida que cuando una acusación es suprimida por la actuación de un acusado, no existe condena alguna en su contra y por con-

siguiente la acusación presentada en la Corte de Distrito de Aguadilla no le sometió a un segundo proceso. *El Pueblo* v. *Marrero,* 18 D.P.R. 923.

Además, si la denuncia presentada en la Corte Municipal podía considerarse como un mero *misdemeanor,* y superflua la referencia que en la denuncia se hacía a un delito anterior, no obstante, sería de aplicación el mismo razonamiento.

Tenemos además alguna idea, sin detenernos a examinar la jurisprudencia, de que cuando el acusado obtuvo su libertad en la Corte de Distrito de Aguadilla en apelación fundado en que el delito era grave y en que la corte municipal carecía de jurisdicción, estaba impedido de plantear la cuestión de estar expuesto por segunda vez.

*La sentencia apelada debe ser confirmada.*