CARMEN PÉREZ DE LÁTIMER, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. JAIME FRANK PAGANACCI, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

*Número:* C–62–23 *Resuelto:* 21 de marzo de 1963

*Gutiérrez & Ramírez* y *Carlos G. Látimer,* abogados de la peticionaria; *J. B. Fernández Badillo, Procurador General, Arturo Estrella, Procurador General Interino,* y *Jorge Segarra Olivero, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

La peticionaria Carmen Pérez de Látimer fue detenida por dos agentes del orden público el 11 de octubre de 1961 por el delito de conducir un automóvil en estado de embriaguez. Fue conducida a la Sala de Investigaciones del Tribunal de Distrito de San Juan, donde el magistrado de turno, luego de oir el testimonio de los agentes, determinó que no había causa probable contra la peticionaria, procediendo a exonerarla.

Algún tiempo después los agentes del orden público a que hemos hecho referencia prestaron declaraciones juradas ante representantes del ministerio público. El fiscal, después de "practicar las diligencias oportunas,([1]) instruyó causa y sometió el sumario fiscal, consistente en tres declaraciones, a un magistrado del Tribunal Superior, quien determinó el 13 de diciembre de 1961 que existía causa probable contra la peticionaria por el delito estatuido en la Sec. 5-801 de la Ley Núm. 141 de junio de 1960 conocida como Ley de Vehículos y Tránsito de Puerto Rico (9 L.P.R.A. sec. 1041). Dicho magistrado ordenó el arresto de la peticionaria y le exigió una fianza de $500.00 para permanecer en libertad provisional.

El día 18 de enero de 1962, el fiscal radicó una acusación contra la peticionaria, imputándole haber infringido la mencionada Sec. 5-801 de dicha ley.

El día 23 de febrero de 1962, la peticionaria radicó una moción de archivo y sobreseimiento predicada en las disposiciones constitucionales que garantizan un juicio rápido a todo acusado y apoyada además en los preceptos del inciso 1 del Art. 448 del Código de Enjuiciamiento Criminal de Puerto Rico (34 L.P.R.A. sec. 1631). Se alegaba, en síntesis, que la acusación no se radicó dentro de los 60 días siguientes a la fecha en que la acusada estuvo detenida para responder.

El acto de lectura de la acusación fue señalado para el día 7 de marzo de 1962. En la vista celebrada, la peticionaria asistió representada por su abogado, quien antes de que se procediera a la lectura de la acusación, suscitó la cuestión planteada en la moción de archivo y sobreseimiento a que hemos aludido anteriormente. Habiendo sido argumentada la cuestión por ambas partes, sin que se presentara prueba documental o de otra índole en apoyo de la moción, el tribunal de instancia dictó resolución declarando sin lugar la moción

---

([1]) La autoridad del Fiscal para así actuar está reconocida expresamente por el Art. 30 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 60.

de archivo y sobreseimiento y ordenó se leyese la acusación a la peticionaria.

No conforme con dicha resolución, la peticionaria radicó esta petición de certiorari y el 5 de abril de 1962 expedimos el auto solicitado.

Sostiene la peticionaria que la resolución del tribunal de instancia negándose a decretar el archivo y sobreseimiento en el caso de epígrafe, es errónea puesto que habían transcurrido más de 60 días desde la fecha en que estuvo detenida para responder hasta la fecha en que se radicó la acusación.

Apoyando su contención en los casos de *Pueblo* v. *Tribunal Superior, María Figueroa, Interventora*, 81 D.P.R. 455 (1959) y *Martínez* v. *Tribunal Superior*, 81 D.P.R. 945 (1960), afirma que estuvo "held to answer" a partir de la detención efectuada el 11 de octubre de 1961. Apoya su contención en el siguiente fragmento de la opinión del caso de *María Figueroa*, supra:

"... Tanto en casos de delitos graves como de delitos menos graves, lo mismo cuando se presentara una denuncia como cuando se tratara de una acusación, y sin que causara diferencia alguna que la actuación inicial fuera de la responsabilidad de un juez, un fiscal o un policía, el arresto o detención de la persona por la comisión de un delito marcaría la fecha desde la cual se comenzaría a contar el término."

■ Presumiendo que la detención de la peticionaria en 11 de octubre de 1961 la colocó en la posición de tener que responder de un delito público, ese estado cesó y en derecho dejó de tener consecuencia alguna al ser la peticionaria exonerada y puesta en libertad ese mismo día por el magistrado ante quien fue conducida. El período de 60 días fijado por el Art. 448 del Código de Enjuiciamiento Criminal se inició, a los efectos de determinar si la acusación del fiscal en este caso ha sido presentada a tiempo, en la fecha del arresto de la peticionaria ordenado por el magistrado que determinó causa probable en este caso en 13 de diciembre de 1961. El récord

no indica la fecha precisa de dicho arresto o si se llevó a cabo, pero sea como fuere, no tenemos duda de que no ha transcurrido el referido período de 60 días desde la fecha en que se ordenó dicho arresto, pues la acusación lleva fecha de 18 de enero de 1962. En *María Figueroa*, supra, cita precisa a la página 463, resolvimos que el período de 60 días prescrito por el referido Art. 448 se cuenta, en el caso de individuos, desde la fecha del arresto o detención de la persona por la comisión de un delito. Por supuesto que este caso, ni ningún otro caso en Puerto Rico resuelve específicamente la controversia planteada en el actual. Pero los casos que relacionamos a continuación señalan la pauta que justifica la determinación de que en éste, el período de 60 días no debe contarse desde la primera detención de la peticionaria en 11 de octubre de 1961.

En *Pueblo* v. *Comas*, 75 D.P.R. 413 (1953), ante una situación en que un acusado fue detenido en 2 de mayo de 1952, fue acusado en 16 de junio del mismo año, y en 11 de agosto siguiente el tribunal de instancia declaró con lugar una excepción perentoria pero ordenó al fiscal presentar nueva acusación enmendada, presentándose ésta el día 15 de dicho mes, resolvimos que no procedía el archivo y sobreseimiento de la causa por haber transcurrido el término de 60 días que fija el citado Art. 448, porque esta disposición no cubre una situación procesal como la ocurrida en este caso al amparo del Art. 157 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 368. ([2])

([2]) El Art. 157 del Código de Enjuiciamiento Criminal dispone:
"Si se admitiere la excepción, esto constituirá sentencia definitiva respecto a la acusación impugnada, y excluirá la formación de otro proceso por el mismo delito, a no ser que a juicio del tribunal, la objeción en cuya virtud fuere admitida la excepción perentoria, pudiera evitarse mediante nueva acusación, y ordenare la presentación de ésta; *Disponiéndose,* que después de la orden para una nueva acusación, podrá el reo ser examinado por un juez de paz, y puesto en libertad o reducido a prisión, como en los demás casos."

En *Pueblo* v. *Mercado*, 46 D.P.R. 825 (1934), hubo dos acusaciones. La primera de 19 de marzo de 1932, por un delito de hurto menor, fue archivada en apelación procedente de la anterior corte municipal de San Sebastián a la de distrito de Aguadilla. La segunda del 1ro. de octubre de 1932 imputaba al acusado el mismo delito. Éste admitió los hechos de la segunda acusación pero solicitó su archivo por haber transcurrido el período de 60 días que establece el citado Art. 448. Resolvimos que en estas circunstancias no era aplicable el Art. 157 del Código de Enjuiciamiento Criminal y que dicho término de 60 días "no comenzaba desde la fecha en que se exoneró al acusado de la denuncia que en apelación procedía de la corte municipal de San Sebastián" y, por último, *que no había transcurrido dicho término de 60 días "desde el día en que se efectuó el nuevo arresto en septiembre hasta que se presentó la acusación" o sea en 1ro. de octubre del mismo año.* (Énfasis nuestro.)

En *Ex parte Sánchez*, 45 D.P.R. 40 (1933), el juez municipal de Orocovis ordenó el arresto de Antonio Rubero en 17 de noviembre de 1932 para responder del cargo del delito de tentativa de violación. Arrestado que fue, recobró el acusado su libertad bajo fianza el día 30 de dicho mes. Por órdenes del fiscal se le formuló denuncia a Rubero en 13 de febrero de 1933 por el delito de escalamiento en segundo grado en lugar de tentativa de violación y el 21 de dicho mes se vio el caso, siendo declarado culpable. En la vista solicitó el acusado el archivo del caso por haber transcurrido el período de 60 días que marca el Art. 448 antes citado, a contar desde la fecha de su arresto en 17 de noviembre de 1932. Resolvimos que en principio no existe nada en común entre el delito de violación y el de escalamiento y que el tribunal de instancia "interpretó correctamente la ley al desestimar la moción del acusado solicitando el sobreseimiento del caso."

En *Pueblo* v. *Soto*, 40 D.P.R. 409 (1930), resolvimos que cuando un arresto es improcedente y luego se arresta a la

persona y se le acusa dentro de los 60 días siguientes al segundo arresto, el período prescrito por el Art. 448 antes citado se cuenta desde el segundo y no desde el primer arresto.

■ En los casos de *Mercado, Sánchez* y *Soto,* supra, el período de 60 días no se contó desde la fecha del primer arresto bien porque la causa que lo motivó fue sobreseida o sustituida o porque el arresto era improcedente. En el caso que nos ocupa ahora, la acusada fue detenida, llevada ante un magistrado quien al no encontrar causa probable la exoneró y como resultado, su detención cesó, dejó de tener efectividad jurídica alguna, y la acusada quedó en libertad en cuanto a su persona y libre "de la ansiedad, la sospecha pública y los daños económicos y morales que produce una acusación criminal." No estuvo encarcelada o bajo fianza desde entonces. Además, no creemos que el tiempo transcurrido desde la fecha del primer arresto, hasta que se radicó la acusación, haya sido causa de que los testigos se hayan dispersado o que su recuerdo de los hechos se haya tornado incierto o que la prueba no esté disponible. En todo caso le hubiese correspondido a la recurrente demostrarlo, y no lo hizo. De manera que la garantía de juicio rápido no se quebrantó en este caso y no surgió la necesidad de hacer cumplir los propósitos del citado Art. 448 que relacionamos en *María Figueroa,* supra, cita precisa a la pág. 457.

■ Nos pide el Procurador General que aclaremos la doctrina enunciada en *María Figueroa,* supra, estableciendo ahora que el "arresto" a que se refiere dicho caso es aquél que se efectúa mediante la expedición de órdenes de arresto por autoridad judicial y que el término "detención" se refiere a aquellos casos de restricción de la libertad que conlleva la reclusión del inculpado, o su detención bajo fianza, o bajo la custodia de alguna persona designada por un tribunal, y que estas restricciones tienen que estar precedidas por la determinación de causa probable. En esta forma, el término de 60 días estatuido en el Art. 448 del Código de Enjuiciamiento

Criminal comenzaría a contarse desde la fecha de un "arresto" o una "detención" de esa índole. Sostiene el Procurador, a *contrario sensu,* que los arrestos o detenciones que no sean de la naturaleza anteriormente señalada, es decir, aquéllos efectuados por delitos cometidos en presencia de un policía o de alguna otra clase, no colocan a los detenidos o arrestados en la posición de "detenidos para responder" dentro del contexto del referido Art. 448. Como no es necesario resolver esta cuestión a los efectos del caso ante nos, aplazamos su consideración para la ocasión en que sea necesario estudiarla a los fines de la disposición de una causa.

*Por las razones indicadas, debe anularse el auto expedido y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*