## COMMONWEALTH *vs.* HENRY O. DOWNING.

Norfolk.    November 25, 1889. — November 27, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Complaint — Appeal — Demurrer to Jurisdiction.*

A person, committed by a trial justice upon his failure to recognize to prosecute appeals taken after trial, conviction, and sentence on complaints for drunkenness and a breach of the peace, filed in the Superior Court before trial in each case a "demurrer to jurisdiction of court and plea in bar by estoppel," reciting in substance that it would be unlawful to put him in jeopardy twice by trying him twice for those offences, as well as to imprison him again after his confinement for nearly double the time provided by law for the same; and that the complainant had testified differently at a former trial, and was himself the guilty party. The demurrers were overruled, and the defendant, who appealed from the orders overruling them, was then tried and convicted in each case, and committed to await the result of his appeals. *Held*, that the demurrers were properly overruled.

TWO COMPLAINTS, each dated June 20, 1889, to a trial justice in and for the county of Norfolk, in the first case for drunkenness, and in the second case for a breach of the peace. The copy of the record of the trial justice, transmitted in each case to the Superior Court on appeal, recited that the defendant was tried on June 21, 1889, and convicted and sentenced to pay a fine and the costs of prosecution; that he appealed from his sentence to the Superior Court next to be holden on the first Monday of September following; that he was ordered to recognize to appear and prosecute his appeal; and that he failed to recognize in accordance with the order, and was committed.

In the Superior Court, before the jury were impanelled, the defendant filed in each case a "demurrer to jurisdiction of court and plea in bar by estoppel."

The demurrer in the first case recited, "That to try a person twice, imprison him twice, would be wrong and unlawful under the common law, and the statute provides that defendant cannot be put in jeopardy twice, or can such thing be done lawfully. That to imprison a person twice, or more than thirty days, for a simple drunk, or non-payment of the fine and costs, would be unlawful, for the statute provides that all time of imprisonment

must be deducted in any term of sentence, in all cases.  Hence the Commonwealth is barred by limitation of law.  And the defendant answers and says, and denies each and every allegation in the complaint contained, and further says, that, at a former trial of the defendant for the same offence, the complainant then swore he never saw the defendant drink or use intoxicating liquors.  Wherefore defendant prays the case may be dismissed and *nol pros'd*."

The demurrer in the second case recited, "That to try a person twice and imprison him twice for the same offence, and put him in jeopardy twice, would be wrong and unlawful under the common law, and the statute provides such things cannot be done lawfully; that to imprison a person for the same offence, after an imprisonment in close confinement nearly double the time that is allowed (by any sentence) for non-payment of a fine and cost in the above named case would be unjust and unlawful, for under the statute law all time of imprisonment must be deducted in any term of sentence, in all cases.  Hence the Commonwealth is barred by limitation of law.  And defendant in answer says, and denies each and every allegation in the complaint contained, and further says that complainant abused, ill-treated, struck, and knocked down the defendant on the ground, and then arrested him for drunkenness, and took him to Dedham town lockup, and there greatly abused and assaulted defendant, and next day, June 21, 1889, turned defendant over to the Commonwealth, only for complainant's own protection against legal proceedings. Wherefore defendant prays the warrant be *nol pros'd*, and the complaint be amended, making the complainant a defendant for assault and battery upon this defendant on June 20, 1889."

The Superior Court overruled the demurrers, and the defendant, who was then tried and convicted in each case, appealed to this court from the orders overruling them, and was again committed before sentence to await the result of the appeals.

*H. O. Downing*, pro se.

*A. J. Waterman*, Attorney General, for the Commonwealth.

DEVENS, J.   The questions which the defendant seeks to present by his appeal from the order of the Superior Court in each case, overruling what he terms his "demurrer to jurisdiction of court and plea in bar by estoppel," are not stated in accordance

with any known rules of pleading, nor even intelligibly. Without regard to the form of his demurrers, their manifest irregularities, or the mode in which the defendant seeks to bring his cases before us, we cannot find, on careful examination, that any injustice has been done him in the Superior Court.

In the first case, the defendant had been convicted of drunkenness before a magistrate, and had appealed from such conviction to the Superior Court, and since the overruling of his demurrer has been convicted of the same offence in that court. His demurrer sets forth that it is unlawful to try a person twice for the same offence, and that it is unlawful to imprison him more than thirty days for the simple offence of drunkenness. The defendant does not state when or where he was before tried for the same offence, but evidently refers to his previous trial by the inferior court. The defendant by his appeal vacated the decision and sentence of that court, and he has not yet been sentenced in the Superior Court. He has undergone no punishment and no imprisonment for his offence. His detention in the jail from a failure to give the bail required, has been only that he might be present before the court to which he appealed. At the time he filed the so called demurrer, he had not been tried a second time for the same offence, and when he was afterwards tried in the Superior Court he was not, within the meaning of the law, put in jeopardy twice, as his first conviction had been vacated by his own appeal. The defendant then alleges that at a former trial the complainant then swore that he had never seen the defendant use intoxicating liquor. If the complainant as a witness should testify at one trial in a manner different from that in which he should testify at the subsequent trial, this would be a matter which might affect his credibility, but would not render the complaint demurrable, nor would it be a foundation for a plea in bar.

Without minutely considering the defendant's demurrer in the second case, which was a complaint for a breach of the peace, and in which the demurrer in substantial respects resembles that in the first case, we are of opinion that both were properly overruled.

*Orders overruling demurrers and pleas affirmed.*