# THE PEOPLE *v.* MARRERO.

## APPEAL from the District Court of Guayama.

### No. 464.—Decided November 21, 1912.

CRIMINAL LAW—PLEADING TO INFORMATION—FORMER JEOPARDY.—According to section 162 of the Code of Criminal Procedure the defense of former jeopardy is a plea, therefore the proper time to enter it is upon arraignment and it may be entered alone or with the plea of not guilty.

ID.—FORMER JEOPARDY—PERMISSION OF COURT.—If upon arraignment the defendant did not enter a plea of former jeopardy, he may do so later with the permission of the court, but it must be entered always in the form of a plea.

ID.—MOTION TO QUASH INFORMATION—AUTREFOIS CONVICT—QUESTION OF FACT.—In the case at bar after the jury had been sworn to try the case the defendant made a motion to quash the information on the ground that he had been convicted formerly of the same offense. It was held that the plea of *autrefois convict* was not entered in due time but that the court had authority to include it in the record in the manner prescribed by paragraph 3 of section 163 of the Code of Criminal Procedure and submit it to the jury as a question of fact.

ID.—PLEADING TO INFORMATION—AUTREFOIS CONVICT—QUESTION OF FACT.—The plea of *autrefois convict* or *acquit*, like the plea of not guilty, raises a question of fact which should be submitted to the jury in the cases specified in section 178 of the Code of Criminal Procedure.

ID.—ERRORS OF PROCEDURE—SUBSTANTIAL RIGHTS OF DEFENDANT—REVERSAL ON APPEAL.—Errors of procedure committed by a trial court do not warrant the reversal of the judgment on appeal unless they are of sufficient importance to affect the substantial rights of the accused.

ID.—CONVICTION IN MUNICIPAL COURT—APPEAL TO DISTRICT COURT—FORMER JEOPARDY—AGGRAVATED ASSAULT AND BATTERY—ATTEMPT TO KILL.—When a defendant convicted in a municipal court of aggravated assault and battery appeals from said judgment of conviction to a district court, in which court the information is quashed on motion of the *fiscal*, in order that he may file an information for attempt to kill, said appellant cannot plead to the information for attempt to kill that he had been convicted by the municipal court of aggravated assault and battery although the facts may be the same in both cases.

ID.—ERRORS OF PROCEDURE—MOTION TO QUASH INFORMATION—AUTREFOIS CONVICT—APPEAL.—Even assuming that the trial court committed error in this case in not ordering that the defense, that he had been convicted formerly of the same offense raised by the defendant in a motion to quash, the information should be entered in the record as equivalent to a plea of *autrefois convict*, said error did not affect the substantial rights of the defendant to the extent of warranting the reversal of the judgment of conviction, because the judgment of conviction alleged by the defendant does not constitute such a defense.

The facts are stated in the opinion.

*Mr. F. Cervoni* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The *fiscal* of the District Court of Guayama filed an information against Higinio Marrero charging him with the crime of attempt to kill committed in the following manner:

The said accused, Higinio Marrero, on or about June 3, 1911, in *barrio* Honduras of Barranquitas of this judicial district, unlawfully, wilfully, and with malice aforethought, assaulted Gregorio Rivera with a deadly weapon, to wit, a revolver, with intent to kill him and inflicted a bullet wound in his arm.

Upon being arraigned the accused pleaded not guilty and elected to be tried by jury. On April 18, 1912, the parties announced that they were ready for trial, a jury was duly empaneled and the information was read, whereupon counsel for the defendant "moved the court to quash the information and discharge the defendant on the ground that the defendant had been sentenced by the Municipal Court of Cayey to imprisonment for one year for the crime of aggravated assault and battery upon the same facts, date, act, and person, and in the same circumstances as are alleged in the present information." The defense offered to introduce evidence but the court refused to admit it holding that it took judicial notice of the facts, and overruled the motion to quash. The defense noted an exception.

The trial was proceeded with and the witnesses were examined, but no part of the evidence referred to the former conviction of the accused. The court instructed the jury generally upon the case omitting any reference to the former conviction of the defendant, and the jury brought in a verdict of conviction for the crime of aggravated assault and battery.

The verdict having been read, the defense renewed the former motion for discharge and offered to introduce evidence

to prove the former conviction of the accused. The court refused to admit the evidence for the reason above stated and overruled the motion without prejudice to its being again made accompanied by citations of authorities in its support.

On April 23 the motion was again made and the facts regarding his former conviction were stated by the accused in the following manner:

"First. Because the defendant has been convicted by the jury of the crime of aggravated assault and battery and for this same offense and upon the same facts proved during the jury trial he was convicted and sentenced by the Municipal Court of Cayey in November, 1911. The accused was sentenced by the said court of Cayey to imprisonment for one year for aggravated assault and battery. He appealed from said sentence to this district court. After the testimony for the prosecution was heard the *fiscal* made a motion to dismiss in order to file an information for attempt to kill. The new information was filed. The jury trial was held thereon and the jury again rendered a verdict of conviction against the accused for the same crime for which he had been sentenced to imprisonment for one year by the court of Cayey. The defendant maintains that he cannot be convicted twice for the same offense."

The court overruled the motion, whereupon the accused asked for a new trial on the ground "that the court committed error in not instructing the jury upon the plea of (former) jeopardy made by the accused in his defense before pleading (not guilty)."

The motion for a new trial was also overruled and the court finally rendered judgment on April 29, 1912, sentencing the defendant to two years' imprisonment in jail at hard labor and the payment of the costs. From that sentence the defendant has taken the present appeal.

As may be seen, the only fundamental question raised here is that of former conviction, so the first thing for us to consider is whether or not the plea was made in due form.

Section 162 of the Code of Criminal Procedure reads as follows:

"There are four kinds of pleas to an information: A plea of—

"1. Guilty;

"2. Not guilty;

"3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty;

"4. Once in jeopardy."

Therefore, in accordance with the law, former conviction on the same charge is a plea, and the proper time to enter it is at the time of pleading to the charge. Such plea may be made with or without the plea of not guilty.

If the plea of *autrefois convict* or *acquit* of the same offense is not pleaded opportunely it may be alleged afterwards with leave of the court, but it must be in the form of a plea.

The manner in which pleas should be made and entered upon the records of the court is clearly set forth in section 163 of the Code of Criminal Procedure.

Taking into consideration the preceding statements, the conclusion reached is that the plea of *autrefois convict* invoked by the defendant in this case was not entered by him in the proper manner.

But even if this is so, it cannot be denied that the defendant asserted his right and that it was within the power of the court conducting the proceedings to order that the plea of the defendant be entered on the records in the manner provided in paragraph 3 of section 163 above cited.

The plea of former conviction or acquittal for the same offense as well as that of not guilty raises an issue of fact which should be submitted to the jury in the cases specified in section 178 of the Code of Criminal Procedure.

In the case at bar the defendant was accused of a felony—attempt to kill—and he elected a trial by jury, and had the plea of former conviction been properly made by him or had the judge asserted his power to have it properly entered on the records of the court, there is no doubt that it ought to have been submitted to the jury for their consideration.

Now, does the fact that the trial judge did not exercise such power and failed to order the plea of the defendant to be entered on the records in due legal form and to submit the question to the jury for decision constitute an error of such magnitude as to carry with it the nullity of the sentence pronounced?

Our opinion is that if, upon considering the question of the former conviction, the conclusion is reached that it should be decided in favor of the defendant, then in the interest of justice the question should be answered affirmatively; but if the contrary conclusion is reached, then it should be answered in the negative.

In taking this view of the matter our minds are fixed upon section 461 of the Code of Criminal Procedure which says:

"Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

The allegations made by the defendant are that he was sentenced by a municipal court; that he appealed from that sentence to the district court; that the case was dismissed in the district court so that the *fiscal* might file an accusation for attempt to kill, and that such information was actually filed and is now the basis of the judgment rendered in this case.

An appeal to a district court from a judgment rendered by a municipal court has the effect of completely annulling the judgment rendered and of transferring the case to the district court where a trial shall be held *de novo* and the case decided by a new judgment. Sec. 3 of the Code of Criminal Procedure as amended by the Act of March 28, 1904. *The People* v. *Sánchez,* 16 P. R. R., 682; *Gelabert Hermanos* v. *Córdova, District Judge,* 17 P. R. R., 1153.

This being the case and the sentence having been annulled

at the desire and request of the defendant, is he entitled to plead that sentence with the view of obstructing a new information filed against him in the district court for the same crime?

In the case of *Commonwealth* v. *Downing,* 150 Mass., 197, 199, cited by the *fiscal* in his brief, a negative answer is given.

However, as the *fiscal* very properly contends in his brief, the long line of opinions holding that a defendant loses his right to plead former jeopardy when he has been granted a new trial at his own request may be invoked in order that the question raised may be decided in the sense that a judgment of conviction rendered by a municipal court and appealed to a district court by the defendant is not sufficient to sustain a plea of a former conviction for the same crime.

Therefore, having arrived at the conclusion that the question raised by the defendant must be decided against him, the error, if any, committed by the trial court in not directing that the motion be entered upon the record as a plea and in not submitting the question of a former conviction to the jury did not affect any substantial right of the defendant and cannot therefore be taken as a ground for the reversal of the judgment appealed from.

The only fundamental issue raised being thus decided, inasmuch as the defendant limited himself to pleading his conviction in the municipal court and made no reference whatever to former jeopardy for the same offense in the district court, this appeal cannot be sustained and the sentence appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.