STATE *vs.* BERNARD J. DIGGINS.

NOVEMBER 7, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a criminal complaint charging the defendant with violating a traffic ordinance of the city of Providence.

After a plea of guilty before a justice of the police court of the city of Providence, defendant was sentenced to pay a fine of $6 and no costs. He paid the fine and, on the same day, claimed an appeal to the superior court. After a hearing in that court on his plea in abatement which was denied, he admitted sufficient evidence to convict, was found guilty and sentenced to pay a fine of $25.

His exceptions to the superior court's ruling on the plea in abatement and to the decision were overruled by this court in *State* v. *Diggins,* 92 R. I. 341, 168 A.2d 469, and the case was remitted to the superior court for further proceedings. Thereafter the state moved for imposition of the $25 fine previously imposed by that court, whereupon defendant moved that execution of such sentence be permanently stayed. The case is presently before us on his exception to the denial of such motion and to the ruling imposing the sentence ordering him to pay the $25 fine.

The defendant contends that his payment of the fine imposed in the police court operated to discharge him, notwithstanding his appeal to the superior court, and that such payment precluded the superior court from imposing sentence following a trial de novo and a finding of guilty. He argues in substance that the payment of the fine imposed by the police court satisfied the sentence imposed and that the imposition of a further sentence by the superior court on appeal would in effect punish him twice for the same offense and thereby subject him to double jeopardy.

Assuming, without deciding, that defendant's exception is properly before us under our rule 21, we are of the opinion that his exception is without merit. Under our statutes the taking of an appeal operates to vacate a decision of a district or police court. G. L. 1956, §§12-22-1, 12-22-9;

*State* v. *McGuire*, 90 R. I. 301, 157 A.2d 657; *Salerno* v. *George A. Fuller Co.*, 71 R. I. 41, 45. On such appeal our statutes require and provide for a trial de novo of the cause in its entirety. *State* v. *McGuire, supra.*

The defendant concedes that a claim of appeal from a decision of a police court operates to vacate the decision appealed from, but he argues that by satisfying the sentence of the police court he paid his penalty and to impose sentence in the superior court would place him in double jeopardy. There is no merit in this contention. He was not compelled by law to pay the fine as a condition precedent to his filing an appeal. His payment of the fine was voluntary and gratuitous.

Moreover, it is well established that a plea of former jeopardy based on a conviction for the same offense does not constitute double jeopardy unless the former conviction was final. *Commonwealth* v. *Downing*, 150 Mass. 197. 15 Am. Jur., Criminal Law, §378. *State ex rel. Steffes* v. *Risjord*, 228 Wis. 535, 541. The conviction of the defendant in the police court was not final. By his appeal the defendant, exercising his rights under the statute, asked for and was granted a trial de novo on the facts and the law in the superior court. As stated in the *McGuire* case, *supra*, the trial in the superior court was an original hearing. His conviction in the police court was vacated by his own appeal. See annotation in 61 A.L.R. 2d, pp. 1224, 1229.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Aram K. Berberian*, for defendant.