**KANSAS CITY, Missouri, Respondent,**

v.

**Vincent S. HENDERSON, Appellant.**

**No. 54997.**

Supreme Court of Missouri,
Division No. 2.

June 14, 1971.

Aaron A. Wilson, Jr., City Counselor, Charles A. Lewis, Associate City Counselor, Kansas City, for respondent.

Don B. Roberson, Kansas City, for appellant; Shughart, Thomson & Kilroy, Kansas City, of counsel.

FINCH, Judge.

Defendant was charged in the Municipal Court of Kansas City with stealing. He was convicted and then appealed to the Circuit Court pursuant to Supreme Court Rule 37.84, V.A.M.R.[1] In a trial de novo in the Circuit Court a jury found him guilty and assessed his punishment at a fine of $100. We have jurisdiction of the appeal because questions of constitutional construction are involved. Art. V, § 3, Constitution of Missouri, 1945, V.A.M.S. We affirm.

Three ultimate questions are presented by defendant's appeal. They are: (1) Does the two-tier system of courts wherein one appealing from a judgment of the municipal court has a trial de novo in the circuit court (rather than an appellate type of review) result in placing defendant in double jeopardy, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Art. I, § 19 of the Constitution of Missouri, 1945? (2) Was the sentence imposed in the trial in the circuit court greater than that imposed at the first trial in the municipal court, and if so, did it violate due process rights of defendant under the doctrine of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656? (3) Was the ordinance (purportedly making stealing a misdemeanor) under which defendant was prosecuted invalid on the basis that the city was not authorized to prohibit and punish misdemeanors?

The charge against defendant was that of stealing a pair of shoes from the Montgomery Ward Store in Kansas City. In municipal court the judge found defendant guilty and sentenced him to 30 days at the Municipal Farm. Defendant appealed to the circuit court, where he filed a pro se motion which he entitled a motion for appeal. In it he said that he had been tried once and could not be tried again, citing the double jeopardy clause of the Fifth Amendment. Through his attorney, he informed the circuit judge that he wanted the circuit court to act as an appellate court and review the questions of law involved in his previous trial, but that he didn't want and was opposed to a second trial. When the court pointed out that he had appealed and that meant there was to be a trial in the circuit court, defendant asserted his position that the law so requiring was unconstitutional. He further stated, however, that if there was to be a second trial, he wanted it to be before a jury. The court then set the case for jury trial and in that trial the jury convicted defendant and fixed his punishment at a fine of $100.

---

1. Supreme Court Rule 37.84 provides as follows: "After an appeal from a judgment rendered in a municipal court has been entered upon the docket of the circuit or other court having jurisdiction of the appeal, the case shall be heard, tried and determined de novo in such circuit or other court as though the prosecution had originated in such court. If the defendant shall be convicted in such court, the judgment entered upon the finding or verdict shall assess the costs in both the municipal and such other court in the manner provided by law."

## DOUBLE JEOPARDY ISSUE.

Municipal courts in Missouri are not made courts of record by either the Constitution or the statutes. They are courts whose jurisdiction is limited to enforcement of ordinances of that particular city. Missouri has not provided for an appeal from a municipal court to any other court acting in an appellate capacity. Actually, it could not effectively do so as long as the municipal court is not a court of record because there is no transcript of the testimony for use in appellate review. The only appeal provided in Missouri from a municipal court is that established by Supreme Court Rule 37.84, V.A.M.R., and as noted the relief provided by that appeal is a trial de novo in the circuit court.

■ Defendant claims that this de novo trial subjects him to double jeopardy and hence the rule providing for such an appeal is unconstitutional.

It is clear since the decision in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, that the double jeopardy clause of the Fifth Amendment is now applicable to the states and hence we must consider whether Rule 37.84 violates that provision. Consideration of this question necessitates an analysis of the protection provided by the double jeopardy clause of the Fifth Amendment. As defendant's brief points out, the Supreme Court of the United States in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, said that it consists of three separate protections, 395 U.S. l.c. 717, 89 S.Ct. l.c. 2076: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."

We need not be concerned on this appeal with the first protection [2] because defendant in this case was not acquitted on a charge of stealing prior to his de novo trial on the same charge in the circuit court. Defendant makes no contention in his brief that he is entitled to relief under this first category of protection.

We are concerned in this case with guarantee No. 2, namely, the one against a second prosecution for the same offense after a prior conviction thereon. This is the guarantee which was enforced by the Supreme Court of the United States in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435. In that case the defendant was convicted in the municipal court of St. Petersburg for destruction of city property (removing a canvas mural from the City Hall) and disorderly breach of peace. Thereafter, in a new and entirely separate proceeding, the State of Florida sought to prosecute defendant on a charge of grand larceny based on the same acts for which he had been convicted in the St. Petersburg municipal court. The Supreme Court held that the state and municipality were not separate sovereignties; that the city acted pursuant to authority granted to it by the State of Florida and the charge by the city thus constituted prosecution by authority of the state. Consequently, the court concluded, the new prosecution in the name of the state amounted to a second prosecution by the same sovereignty for the same offense after a prior conviction thereon. That violated the double jeopardy clause of the Fifth Amendment.

The instant case is unlike Waller. Here there has been no attempt by the state to institute a second prosecution and impose a second punishment for the same act of

2. Benton v. Maryland, supra, falls in this category. In that case defendant, charged with burglary and larceny, was convicted of burglary but acquitted of larceny. On appeal his conviction was reversed and remanded for new trial. On retrial the state tried him on both charges and this time he was convicted on both. The Supreme Court of the United States held that, having been acquitted on the charge of larceny in the first trial, he could not be retried thereon because to do so would place him in double jeopardy with respect to that charge.

stealing. Rather, the de novo trial in the circuit court produced by defendant's appeal is a continuation of the original prosecution by Kansas City. The appeal had the effect of setting aside and nullifying the conviction imposed in the municipal court and the conviction and punishment in the circuit court came in the retrial of the same case.

The foregoing conclusion is in accord with decisions of various states which have considered the question of whether a de novo trial on appeal from a decision in a municipal, justice of the peace or magistrate court results in subjecting the defendant to double jeopardy.[3] The same view is expressed at 22 C.J.S. Criminal Law § 270, p. 696, as follows: "However, a conviction in a court of limited jurisdiction, such as a justice of the peace, will not bar a trial on appeal to a higher court whether the trial is on the original affidavit, information, or indictment, or on an amended one; * * *." Defendant has cited no case holding to the contrary and we have found none.

The situation here presented is not unlike one in which a defendant, after conviction in a circuit court, appeals and thereafter secures a reversal and a remand wherein he is retried for the same offense for which he was convicted in the first trial. Such a retrial is a trial de novo but it is not barred by the double jeopardy clause of the Fifth Amendment. This is recognized in North Carolina v. Pearce, supra, 395 U.S. 1. c. 719, 89 S.Ct. 1. c. 2078, where the court said: "At least since 1896, when United States v. Ball, 163 U.S. 662, 41 L.Ed. 300, 16 S.Ct. 1192, was decided, it has been settled that this constitutional guarantee imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside. 'The principle that this provision does not preclude the Government's

retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence.' United States v. Tateo, 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448, 450."

Here, defendant, after conviction in the municipal court, took an appeal to the circuit court. Automatically, as a result of the provisions of Supreme Court Rule 37.-84, he secured the right to a new trial in the circuit court. The only difference between securing it here and securing it in the usual case following an appeal to an appellate court is that here defendant was not required to establish trial error in order to obtain a new trial. He received it merely by filing his notice of appeal. That does not change the effect of the new trial. In both cases it is a retrial of the same charge and the punishment imposed in the new trial is in lieu of whatever punishment was imposed at the first trial, not in addition thereto. Conviction at the new trial is not a second conviction which violates protection number two guaranteed by the double jeopardy clause of the Fifth Amendment.

Defendant also contends that the third protection against double jeopardy recognized in North Carolina v. Pearce, supra, was violated in that the prosecution of defendant in the circuit court allegedly subjected defendant to multiple punishment for the same offense. We find no merit in this contention. The sentence of 30 days imprisonment imposed by the municipal court was not served and it was set aside as a result of the appeal. It was replaced by the fine of $100 assessed in the circuit court. There were not multiple punishments.

Defendant also cites and relies on Art. I, § 19 of the Missouri Constitution of 1945, the pertinent part of which provides as fol-

---

3. Cappola v. Platt, 123 Conn. 38, 192 A. 156, cert. den. 302 U.S. 726, 58 S.Ct. 47, 82 L.Ed. 560; Malone v. State, 179 Ind. 184, 100 N.E. 567; Keifner v. Commonwealth, 205 Ky. 634, 266 S.W. 354; Commonwealth v. Downing, 150 Mass. 197, 22 N.E. 912; State v. Diggins, 95 R.I. 166, 185 A.2d 300.

lows: " * * * nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury; * * *." This provision has been held to be applicable only where there has been an acquittal of the defendant by a jury. Ward v. State, Mo., 451 S. W.2d 79, 81. There is no contention that this defendant was previously acquitted on this charge.

Defendant makes no reference to the fact that the common law rule against double jeopardy which precludes a second conviction and punishment for the same offense also still prevails in Missouri. State v. Toombs, 326 Mo. 891, 34 S.W.2d 61; Miller, "The Plea of Double Jeopardy in Missouri," 22 Mo.L.Rev. 163, 165. However, the defendant is entitled to no relief under that rule because, for the reasons indicated, the conviction in the municipal court from which an appeal was taken does not constitute a separate prior conviction, and consequently this is not a situation in which there has been a second conviction of defendant for the same offense.

We overrule all of defendant's contentions that he has been subjected to double jeopardy.

## DUE PROCESS QUESTION

In North Carolina v. Pearce, supra, the Supreme Court ruled that the due process clause of the Fourteenth Amendment requires that where a trial judge, on retrial, assesses a more severe sentence than that imposed at the first trial, the factual justification for so doing must affirmatively appear in the record "so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 U.S. 1. c. 726, 89 S.Ct. 1. c. 2081. Defendant argues that in this case the circuit judge gave no justification in the record for imposing a greater sentence than the one assessed in the municipal court, and consequently the sentence in the circuit court violates due process under North Carolina v. Pearce. He contends

that the $100 fine imposed was more severe than the 30-day sentence in the municipal court because defendant was an indigent and under § 22.13(b) of the Kansas City Code he would be allowed credit thereon at the rate of $2.00 per day of incarceration, thus equating the $100 fine with a 50-day sentence.

We overrule this contention for two reasons. In the first place, Division One of this Court held previously in Spidle v. State, Mo., 446 S.W.2d 793, that North Carolina v. Pearce does not apply to cases in Missouri wherein the jury, rather than the trial judge, determines the amount of punishment.

In view of the defendant's contentions herein, we have reviewed the conclusion reached in Spidle. We now reaffirm that conclusion for the following reasons. In North Carolina v. Pearce (both appeals therein involved punishments assessed by the trial judge, not by a jury) the court repeatedly emphasized the fact that it would be a flagrant violation of due process for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant in order to punish him, and that it was necessary to make certain that vindictiveness would play no part in the sentence received after a new trial. While recognizing that the sentence following a second trial could be more severe than at the first trial, the court held that it would be necessary that the judge state into the record his reasons and factual basis for imposing a more severe penalty.

Such considerations cannot possibly be applicable in a case wherein the punishment is assessed by the jury at the time it determines guilt at the second trial. It is not permissible for that jury to even be informed that the defendant was convicted previously on the same charge, and necessarily it may not be informed as to what sentence was received at the prior trial. It would constitute reversible error to introduce such testimony before the jury. Fur

thermore, such a jury in a one-step trial would not have before it evidence of things occurring between the first and second trial or other evidence relative to whether there ought to be greater punishment than that imposed at the first trial. These things would not be competent evidence for a jury determining guilt of the offense charged. Consequently, the jury in the second trial exercises its judgment as to the punishment to assess solely upon the evidence introduced at the second trial and the court's instructions. Necessarily, it does not in any way measure that punishment by what was done at the first trial. The punishment imposed by the jury in the second trial cannot be for the purpose of imposing a heavier sentence and thereby punishing the defendant for having been successful in getting his original conviction set aside.

Secondly, under Tate v. Short, decided March 2, 1971, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, the Supreme Court held that a defendant may not be imprisoned to satisfy a fine because of his inability to pay that fine. The court held that it would be a denial of equal protection to convert a fine to imprisonment for those unable to pay. In view of that holding, it is not demonstrated that the $100 fine imposed in the circuit court was in fact a more severe sentence than the 30-day term imposed in the municipal court.

## WAS THE ORDINANCE UNDER WHICH DEFENDANT WAS PROSECUTED ONE WHICH KANSAS CITY HAD NO AUTHORITY TO ENACT?

Subsection E of Title 50, Chapter 26, of the General Ordinances of Kansas City provides as follows: "Any person convicted of stealing under the provisions of this section shall be guilty of a misdemeanor and shall be punished by a fine of not more than $500 or by imprisonment in Municipal Farm for a period of not more than one year, or by both such fine and imprisonment."

Defendant, arguing that Kansas City had no authority to prohibit and punish a misdemeanor, relies on § 556.040, V.A.M.S., which provides as follows: "The term statute, shall be construed as including every offense punishable only by fine or imprisonment in a county jail, or both."

■ It is clear that Kansas City, a constitutional charter city, did have authority to enact the ordinance prohibiting stealing and to provide punishment therefor of a fine or imprisonment, or both. Section 82.300, V.A.M.S., relating to constitutional charter cities having three hundred thousand or more inhabitants, provides that such cities may enact ordinances to protect persons or property and may prescribe punishment therefor consisting of fines not to exceed five hundred dollars or imprisonment of not more than twelve months, or both. The ordinance under which defendant was prosecuted was authorized by that statute.

Defendant argues that § 556.040 requires that a misdemeanor be punishable by a fine or imprisonment in the county jail, or both, and that the ordinance does not meet that requirement. Consequently, says defendant, the city had no authority to adopt it. However, as this court stated in Marshall v. Kansas City, Mo., 355 S.W.2d 877, 884, "The nature or classification of the ordinance is not determined by its designation but rather by its content and character. * * * It is not rendered invalid by reason of being referred to as a misdemeanor." See also University City v. Diveley Auto Body Co., Mo., 417 S.W.2d 107 [2]. The fact that the ordinance utilized the term "misdemeanor" to describe the prohibited acts does not make it bad. Section 556.040 does not have the effect of prohibiting a city from providing for a fine or imprisonment, or both, for violation of a city ordinance.

■ Finally, we notice in the brief of amicus curiae the point is made that the

municipal court erred in prosecuting defendant without a jury in view of the maximum punishment of imprisonment for one year which was prescribed in the ordinance. Defendant has not made this contention and does not even claim that he sought a jury trial in the municipal court. Consequently, this point is not preserved for review and we decline to rule thereon.

Judgment affirmed.

All of the Judges concur.