[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on defendant John Manning's appeal from the Providence Municipal Court. The defendant has filed a motion for counsel of choice and a motion to dismiss for lack of subject matter jurisdiction. The facts of this case are as follows.
According to police reports, on August 24, 1991 the defendant and approximately thirty abortion protestors entered Women's Surgical Services at 386 Atwells Avenue in Providence. The defendant and other protestors blocked the entrance to the clinic. The protestors, defendant included, entered both the first and second floors of the clinic. Four of the defendant's companions joined themselves with metal bicycle locks around their necks. After several requests to leave were ignored, police arrested the protestors. The defendant was charged with violating Sec. 16-13 of the Providence Code of Ordinances, which reads as follows:
 (a) No person shall stand on any footwalk, sidewalk, parking lot, doorstep or in any doorway in this city as to obstruct a free passage for foot passengers; or to hinder or delay, passers-by or persons residing or doing business in the vicinity thereof.
 (b) Any person obstructing any footwalk, sidewalk, parking lot, step or doorway shall move immediately when requested to do so by a police officer.
On May 12, 1992 a trial was held before Judge Anthony A. Giannini, Jr. in the Providence Municipal Court. The defendant was found guilty and fined two hundred fifty ($250.00) dollars. On May 13, 1992, the defendant appealed to this Superior Court.
MOTION FOR COUNSEL OF CHOICE
The defendant argues that he is entitled to the assistance of counsel who may not be a member of the state bar association or who may not be a licensed attorney. The defendant relies on the United States Constitution and numerous decisions of the United States Supreme Court to support his argument.
This Court concludes that the defendant's argument is without merit. In United States v. Lussier, 929 F.2d 25 (1st Cir. 1991), the court of appeals held that "[t]he right to effective assistance of counsel is a fundamental Sixth Amendment right, but the right to choose counsel is not absolute." Lussier, 929 F.2d at 28 (citing United States v. Machor, 879 F.2d 945, 952 (1st Cir. 1989). The court of appeals concluded that "[a] criminal defendant has no right to lay counsel." Id. and cases cited therein.
Therefore, this Court is satisfied that the defendant is not entitled to lay counsel of his choice.
MOTION TO DISMISS
The defendant contends that: (1) the Providence Municipal Court lacked original jurisdiction; (2) Sec. 16-13 of the Providence Code of Ordinances is void since defendant could be punished only under state, not municipal, law; (3) Sec. 16-13 of the Providence Code of Ordinances allows the Providence Municipal Court to impose a fine exceeding the jurisdiction of that court; and (4) Sec. 16-13 of the Providence Code of Ordinances is unconstitutionally overboard and vague since otherwise lawful conduct, such as lawful picketing or lawful demonstrating, is prohibited by the ordinance.
JURISDICTION OF THE MUNICIPAL COURT
The defendant argues that R.I.G.L. 1956 (1985 Reenactment) §8-8-3 vests exclusive original jurisdiction in matters of complaints against municipal violations in the district court.[1] The defendant contends that the Municipal Court lacked the authority to hear the complaint charging him with violating Sec. 16-13 of the Providence Code of Ordinances. Thus, the defendant urges this Court to dismiss the complaint brought against him. The defendant's reliance on § 8-8-3 is misplaced.
R.I.G.L. 1956 (1981 Reenactment) § 12-3-1 provides, in pertinent part:
 Offenses triable by district court. — The district court shall have jurisdiction and cognizance of all crimes, offenses, misdemeanors, and violations, including offenses against town or city ordinances, if no special court exists or is created by charter or law for that purpose, . . . (emphasis added).
This Court must determine whether a special court exists or has been created by charter or law to hear offenses against town or city ordinances. The Acts and Resolves passed by the General Assembly during the January session of 1866 contain the answer. Chapter 598, Sec. 10, Clause 1 mandates that the judicial powers granted to the city of Providence vest in two courts, the Municipal Court and the Police Court.[2] The Police Court, later renamed the Municipal Court by Chapter 206 of the January session, 1968, was specifically given the following authority by virtue of Sec. 12, Clause 3:
. . . It shall have original jurisdiction . . . of all offenses against the ordinances of the City Council, and the rules and regulations of the Board of Alderman, where the fine or penalty shall not exceed twenty dollars or ten days' imprisonment.
This authority was expanded by the General Assembly at the January, 1896 session. Amendments to Chapter 598, Sec. 12, Clause 3 of the 1866 Acts and Resolves are found in the 1896 Public Laws, Chapter 371, Sec. 12, Clause 3. Those amendments broadened the Municipal Court's jurisdiction to include offenses where the fine or penalty did not exceed two hundred dollars or six months imprisonment. This legislation also reaffirmed the Municipal Court's "original jurisdiction . . . of all offenses against the ordinances, by-laws, rules and regulations of the freemen of the town of Providence . . ."
The defendant argues that this Court should reject the above cited authority granted to the Municipal Court by the General Assembly. The defendant insists that R.I.G.L. § 8-8-3 vests the district court with exclusive jurisdiction over matters concerning violations of municipal ordinances.
This Court's task in construing any statute is to effectuate and establish the intent of the Legislature. Howard Union ofTeachers v. State, 478 A.2d 563, 565 (R.I. 1984). When the language of a statute is ambiguous, an attempt must be made to "ascertain the legislative intention from a consideration of the legislation in its entirety, viewing the language used therein in the light, nature, and purpose of the enactment thereof." Cityof Warwick v. Almac's Inc., 442 A.2d 1265, 1273 (1982).
This Court is satisfied that the General Assembly intended to vest the Providence Municipal Court with the authority to adjudicate violations of that city's municipal ordinances. The General Assembly has specifically given other cities and town similar authority.[3] Furthermore, the General Assembly recently passed an Act relating to Motor and Other Vehicles — Division for Administrative Adjudication, P.L. No. 92-488, (1992) (effective January 1, 1993). That act amended Title 8 of the General Laws entitled "Courts and Civil Procedure — Courts" to include the State and Municipal Court Compact. Rather than limit the authority of the state's municipal courts, the General Assembly chose to grant concurrent jurisdiction to the local municipal courts and the Administrative Adjudication Court for certain traffic offenses. P.L. No. 92-488, § 8-18-3. The General Assembly clearly did not intend to strip local municipal courts of the authority to hear violations of their local ordinances.
This Court is satisfied that statutory history provides ample evidence that the Providence Municipal Court was the proper forum for the action brought against the defendant. Thus, this Court, as the appellate court of the local municipal courts, has jurisdiction over the defendant's appeal. See R.I.G.L. 1956 (1981 Reenactment) § 12-22-9. The defendant's arguments in support of his motion to dismiss on jurisdictional grounds are therefore rejected.
VALIDITY OF PROSECUTION UNDER SEC. 16-13 OF THE PROVIDENCE CODEOF ORDINANCES
The defendant argues that Sec. 16-13 of the Providence Code of Ordinances is invalid. The defendant refers to R.I.G.L. 1956 (1991 Reenactment) § 45-6-6, which states:
 Offenses punishable by state law. — No ordinance or regulation whatsoever, made by a town council, shall impose or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as a crime, misdemeanor, or offense, by the statute law of the state or violation of the state statutes relating to motor vehicles and traffic offenses.
The Providence Code of Ordinances the defendant is charged with violating, Sec. 16-13, Obstruction of public ways, provides:
 (a) No person shall stand on any footwalk, sidewalk, parking lot, doorstep or in any doorway in this city as to be obstruct a free passage for foot passengers; or to hinder or delay, passers-by or persons residing or doing business in the vicinity thereof.
 (b) Any person obstructing any footwalk, sidewalk, parking lot, step or doorway shall move immediately when requested to do so by a police officer.
The defendant argues that this ordinance punishes conduct that the General Assembly has covered in state-wide legislation. R.I.G.L. 1956 (1981 Reenactment) § 11-45-1 provides, in pertinent part:
 Disorderly conduct. — A person commits disorderly conduct if he or she intentionally, knowingly or recklessly:
 . . . (d) Alone or with others, obstructs a highway, street, sidewalk, railway, waterway, building entrance, elevator, aisle, stairway, or hallway to which the public or a substantial group of the public has access or any other place ordinarily used for the passage of person, vehicles, or conveyances . . .
The defendant argues that R.I.G.L. § 11-45-1(d) prohibits the same activity as Sec. 16-13 of the Providence Code of Ordinances. Therefore, the defendant contends that Sec. 16-13 is void by virtue of R.I.G.L. § 45-6-6. The defendant, however, has failed to recognize that R.I.G.L. § 45-6-1 specifically allows the City of Providence to regulate conduct proscribed by Sec. 16-13. R.I.G.L. § 45-6-1 states in pertinent part:
 Scope of ordinances permissible. — (a) Town councils and city councils may, from time to time, make and ordain all ordinances and regulations for their respective towns, not repugnant to law, which they may deem necessary . . . to prevent persons standing on any footwalk, sidewalk, doorstep, or in any doorway . . . to the obstruction, hindrance, delay, disturbance, or annoyance of passersby or of persons residing or doing business in the vicinity thereof . . . and, generally, all other ordinances, regulations and bylaws for the well ordering, managing, and directing of the prudential affairs and police of their respective towns, not repugnant to the constitution and laws of this state, or of the United States . . .
It is well established that when the language of a statute is unambiguous and expresses a clear and sensible meaning, no room for statutory construction exists. O'Neil v. Code Comm'n,
534 A.2d 607, 608 (R.I. 1987). Under such circumstances, the reviewing court must interpret the statutory language in accordance with its plain and ordinary meaning. Id.
A careful reading of R.I.G.L. § 45-6-1 satisfies this Court that the General Assembly clearly intended to vest city and town councils with the authority to enact ordinances proscribing disorderly conduct. Again, the General Assembly had the opportunity to specifically legislate that R.I.G.L. § 45-6-6
overrides the authority granted local municipalities through R.I.G.L. § 45-6-1. However, the General Assembly chose to retain the language of R.I.G.L. § 45-6-1. See P.L. No. 92-488 (1992) (effective January 1, 1993). This Court therefore rejects the defendant's arguments in support of his motion to dismiss and concludes that Sec. 16-13 of the Providence Code of Municipal Ordinances is valid.
EXCESSIVE PENALTY
The defendant argues that historically the Providence Municipal Court may only hear offenses bearing a maximum penalty of no more than two hundred ($200.00) dollars. The defendant contends that the Providence Municipal Court lacked jurisdiction over the complaint brought against him since the maximum penalty for an offense against Sec. 16-13 is five hundred ($500.00) dollars as prescribed by Sec. 1-10 of the Providence Code of Ordinances. The defendant's argument is groundless.
The General Assembly has specifically authorized city councils to provide penalties not exceeding five hundred ($500.00) dollars for violations of municipal ordinances. R.I.G.L. § 45-6-2 states in pertinent part:
 Imposition of penalties for ordinance violations.
— Town councils and city councils may impose penalties for the violation of ordinances and regulations, not exceeding in amount five hundred dollars ($500) or imprisonment not exceeding thirty (30) days . . .
The General Assembly has clearly authorized the imposition of fines not exceeding five hundred ($500.00) dollars. After trial, the defendant was fined two hundred fifty ($250.00) dollars. Clearly the municipal court was within its jurisdiction in imposing such a penalty.
Furthermore, the defendant is reminded that by exercising his right to appeal to this Court, he is entitled to a trial de novo. "Under our statutes the taking of an appeal operates to vacate a decision of a district or police court." State v. Diggins,95 R.I. 166, 167, 185 A.2d 300, 301 (1962).
The defendant's motion to dismiss based upon his argument that the Providence Municipal Court exceeded its jurisdiction by adjudicating the complaint brought against him is denied.
OVERBREADTH AND VAGUENESS
The defendant's final argument in support of his motion to dismiss is that Sec. 16-13 of the Providence Code of Ordinances is overboard and vague in violation of the Rhode Island and United States Constitutions.
In considering a facial overbreadth and vagueness challenge, this Court must determine whether Sec. 16-13 of the Providence Code of Ordinances reaches a substantial amount of constitutionally protected conduct. Boos v. Barry, 485 U.S. 312, 329 (1988); Houston v. Hill, 482 U.S. 451, 458-59 (1987);Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,455 U.S. 489, 494 (1982). This Court must consider the text of the enactment as well as any limiting constructions the enforcement agency has proffered. Barry, 485 U.S. at 329;Kolender v. Lawson, 461 U.S. 352, 355 (1983); Hoffman Estates,
455 U.S. at 494, n. 5; Grayned v. City of Rockford, 408 U.S. 104, 110 (1972). If the law does not reach a substantial amount of constitutionally protected conduct, then the defendant's overbreadth challenge fails. Hoffman Estates, 455 U.S. at 494. Thus, this Court must decide whether the defendant's conduct constituted expressive conduct entitled to First Amendment protection.
According to police reports, the defendant and over thirty abortion protestors are alleged to have entered the Women's Surgical Services, a private Providence abortion clinic, and blocked both the first and second floors of the building. Approximately sixteen police officers were dispatched to the scene. After repeatedly asking the protestors, including the defendant, to leave, police officers began to arrest the individuals. To complicate matters, the protestors, including the defendant, went limp and had to be carried to waiting police vans. The defendant now contends that the Rhode Island and United States Constitutions protect him from criminal prosecution for his conduct.
The right to exclude others is a fundamental element of private property ownership, and the First Amendment does not create an absolute right to trespass. Armes v. City ofPhiladelphia, 706 F. Supp. 1156, 1164 (E.D. Pa. 1989), aff'd byArmes v. Doe, 897 F.2d 520 (3rd Cir., 1990). In Central HardwareCo. v. NLRB, 407 U.S. 539 (1972), the United States Supreme Court stated that "before the owner of private property can be subjected to the commands of the First and Fourteenth Amendments the privately owned property must assume to some significant degree the functional attributes of public property devoted to public use." Id. at 547. The United States Supreme Court has stated that property does not "lose its private character merely because the public is generally invited to use it for designated purposes." Lloyd Corp. v. Turner, 407 U.S. 551, 569 (1972).
The defendant is alleged to have entered into the property of Women's Surgical Services. When asked to leave, he refused. This abortion clinic is a private clinic and is open to the public only to the extent that members of the public seek its services. As the court in Armes stated, "[t]he clinic's invitation to members of the public who seek to use its services does not transform the clinic into the functional equivalent of a public forum." Armes, 706 F. Supp. at 1164.
This Court concludes that the defendant has no First Amendment right to protest on the clinic grounds. Many courts have reached the same conclusion. See, e.g., Armes, 706 F. Supp. 1156, 1165, n. 7 and cases cited therein. As such, the defendant's claim that Sec. 16-13 of the Providence Code of Ordinances is overboard fails.
Next, this Court considers the facial vagueness challenge. If the ordinance implicates no constitutionally protected conduct, the challenge should be upheld only if the law is impermissibly vague in all of its applications. Hoffman Estates, 455 U.S. at 495. As the Court in Hoffman Estates held, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." Id.
This Court is satisfied that the defendant's conduct is clearly proscribed by Sec. 16-13 of the Providence Code of Ordinances. The ordinance makes it unlawful for any person to obstruct any footwalk, sidewalk, parking lot, step or doorway and requires persons to move when ordered to do so by a police officer. The defendant's conduct fell clearly within the scope of that ordinance. Thus, the defendant cannot now "complain that the ordinance is unconstitutionally vague on its face, nor [does he] have standing to challenge the [ordinance] as applied to hypothetical third parties." Whiting v. Town of Westerly,942 F.2d 18, 22 (1st Cir., 1991). This Court therefore rejects the defendant's claim that Sec. 16-13 of the Providence Code of Ordinances is vague.
CONCLUSION
This Court rejects the defendant's argument that he is entitled to lay counsel of his choice. The Sixth Amendment right to counsel is a fundamental right, but that does not entitle a defendant to representation by counsel who is not authorized to practice law.
This Court also denies the defendant's motion to dismiss. The Providence Municipal Court had jurisdiction pursuant to Chapter 598, Sec. 10 of the Public Laws of the January session, 1866. Thus, the complaint charging the defendant with violating Sec. 16-13 of the Providence Code of Ordinances was properly before the Municipal Court. Secondly, the Providence City Council had the authority to enact Sec. 16-13 pursuant to R.I.G.L. § 45-6-1. That statute specifically allows city councils to enact ordinances which proscribe obstructive conduct. Furthermore, the Providence Municipal Court did not exceed its authority by imposing a fine of two-hundred fifty ($250.00) dollars upon the defendant. Finally, the defendant's conduct did not constitute expressive conduct entitled to constitutional protection. As such, the defendant's argument that Sec. 16-13 is overboard and vague must fail.
Therefore, this Court denies the defendant's motion for counsel of choice and his motion to dismiss.
[1] R.I.G.L. § 8-8-3 provides:
Jurisdiction — (a) The district court shall have exclusive original jurisdiction of:
. . . (5) All suits and complaints for offenses against the bylaws, ordinances and regulations of cities and towns whether passed by the cities or towns or under the law by the properly constituted authorities thereof.
[2] Chapter 598, Sec. 10, Clause 1 of the 1866 Acts and Resolves provides:
The judicial powers herein granted or continued to said city, shall be exercised by two courts, one to be styled the Municipal Court, and the other the Police Court; and each of said courts may punish for contempt by fine and imprisonment.
[3] The following sections of R.I.G.L 1956 (1991 Reenactment) authorize the following cites and towns to establish municipal courts: § 45-2-19 (City of Warwick); § 45-2-21 (City of Cranston); § 45-2-24 (Town of Coventry); § 45-2-25 (City of Woonsocket); § 45-2-26 (Town of West Warwick) § 45-2-27 (City of Central Falls); § 45-2-29 (Town of Westerly); § 45-2-30 (Town of Narragansett); § 45-2-32 (Town of Charlestown); § 45-2-34 (Town of Tiverton).